UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATHANIEL JACKSON,

                               Plaintiff,
                                                                             9:96-CV-1864
                         v.                                                 (GLS)(GJD)

K. PROVOST,

                               Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| NATHANIEL JACKSON<br>Plaintiff, *pro se* | |
| OFFICE OF THE ATTORNEY GENERAL<br>State of New York<br>Counsel for the Defendant | CHRISTOPHER W. HALL, ESQ.<br>Assistant Attorney General |

GUSTAVE J. DI BIANCO, MAGISTRATE JUDGE

## REPORT-RECOMMENDATION and ORDER

**I.    Introduction and Background**

    *Pro se* plaintiff Nathaniel Jackson filed a civil rights complaint in this Court in November, 1996. Plaintiff claimed that legal mail sent to him by registered mail and received at Clinton Correctional Facility on June 27, 1994 was opened outside of his presence, mutilated, and returned to the sender without plaintiff's knowledge. Dkt. No. 1 at attached pp. 2-3.[1] The registered mail return receipt was signed by an

---

[1] Plaintiff was transferred to Wende Correctional Facility shortly after the incident and, in mid-August 1994, was transferred again to Auburn Correctional Facility. Dkt. No. 82 (Transcript of plaintiff's deposition p. 40).

individual with the last name of "Provost." Plaintiff's original complaint named "R. Provost", Corrections Officer at Clinton, and William S. Burke, Ass't Dep. Supt. at Clinton Correctional Facility, as defendants. Plaintiff complained that Provost, identified by plaintiff as a corrections officer assigned to the law library at Clinton, was responsible for the mishandling of his legal mail, and that Burke failed to properly investigate this incident. *Id.* Service of the summons and complaint was acknowledged by both defendants in March, 1997. Dkt. Nos. 5 and 6.

By motion filed April 30, 1997, defendants sought dismissal of plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Dkt. No. 8. Defendants' motion did not claim that "R. Provost" was not the individual who signed for plaintiff's mail or that he was not otherwise involved in handling plaintiff's mail.

Defendants' motion to dismiss was denied, (Dkt. No. 16), and an answer to the complaint was filed on defendants' behalf. Dkt. No. 18. The answer set forth general denials of plaintiff's claims, but did not directly challenge the status of "R. Provost" as a proper defendant. Defendants thereafter responded to plaintiff's discovery requests, again without clearly disclosing that R. Provost was not involved in the receipt or handling of plaintiff's mail on June 27, 1994. Dkt. Nos. 23 (Requests for Admissions) and 27 (Interrogatories).

2

In July, 1999, approximately two and one-half years after this action was commenced, defendants filed a motion for summary judgment. Dkt. No. 35. R. Provost sought dismissal of the complaint on the ground that he was not the individual who signed the return receipt for plaintiff's mail on June 27, 1994. According to R. Provost, he had no involvement with inmate mail during his employment at Clinton and, on June 27, 1994, worked at his assigned post at Tower Observation Post 2. Dkt. No. 38 (Defendants' Memorandum of Law in Support of Summary Judgement) ex. A (Affidavit of Ronald Provost). Defendant Burke sought dismissal of the complaint on the ground that he was not personally involved in the mail incident and that plaintiff's claims regarding the investigation of the incident did not state a claim under 42 U.S.C. § 1983. Dkt. No. 38. Summary judgment was granted in favor of both defendants in March, 2000. Dkt. No. 43.

Plaintiff appealed the dismissal of his action. By Mandate issued August 20, 2002, the Second Circuit affirmed the dismissal of plaintiff's claims except for his "denial of access" claim against "R. Provost." Dkt. No. 47. As to this claim, the grant of summary judgment was vacated and the case was remanded with the direction that plaintiff be afforded an opportunity to engage in discovery to identify the person who signed the return receipt (and under what circumstances) and to file an amended complaint against that person. *Id.*

3

Through discovery, plaintiff obtained documents which appear to identify the person who signed the return mail receipt as "K. Provost." Dkt. No. 54 exs. A - C. By Order of this Court filed July 16, 2002, plaintiff's amended complaint against "K. Provost" was accepted for filing, "R. Provost" was dismissed as a defendant, and the U.S. Marshals Service was directed to effect service of process on the new defendant. Dkt. No. 57.

Service of the summons and amended complaint was acknowledged by K. Provost on April 1, 2004, nearly two years later. Dkt. No. 71.[2] An answer to the amended complaint was filed in May, 2004 which, for the first time, disclosed the full name of the answering defendant to be "Keith Provost." Dkt. No. 72. Once again, the answer contained only general denials of plaintiff's claims and did not assert that "Keith Provost" was not the "K. Provost" who signed for plaintiff's mail on June 27, 1994 or that this person was not otherwise involved in the handling of plaintiff's mail. Defendant thereafter obtained leave of the Court to depose plaintiff. Dkt. No. 80.[3]

On March 30, 2005, nearly **three years** after plaintiff filed his amended

---

[2] The efforts by the U.S. Marshals Service to effect service during this period are detailed in the Court's Orders filed November 7, 2003 and March 2, 2004. Dkt. Nos. 64 and 67.

[3] The deposition transcript is 153 pages long. Dkt. No. 82 (Ex. 2 to the Affirmation of Christopher W. Hall, Esq.). Plaintiff testified that he believed that the Provost who signed the return receipt for his mail was the same corrections officer (also named Provost) who worked in the law library at Clinton and with whom plaintiff had a verbal confrontation in the weeks just prior to June 27, 1994. Dep. Tr. at 104-12.

complaint and **one year** after service was effected on K. Provost, defendant Keith Provost filed a motion for summary judgment. Dkt. No. 82. By that motion, defendant Keith Provost states **for the first time**, that he is not the "K. Provost" who signed the return receipt for plaintiff's mail in 1994, that he was not in any way involved in this matter and, hence, that he is not a proper defendant in this action. In support of his motion, Keith Provost submitted his employment records from the Department of Correctional Services which indicate that he was assigned to Franklin Correctional Facility on the date in question. Dkt. No. 82 (Declaration of Keith Provost).

In response to defendant's motion for summary judgment, plaintiff filed a renewed motion for the appointment of counsel. Dkt. No. 85. Plaintiff points to his difficulty in identifying the proper defendant and the limitations on his ability to collect evidence in this case in support of his request for counsel. *Id*.[4]

Defendant has not responded to plaintiff's counsel motion.

## II. Discussion

During the nearly **nine years** that this action has been pending, the progress of this litigation has been repeatedly stalled by belated revelations to the effect that the individuals who have been served with process in this action do not appear to be the

---

[4] Plaintiff's obligation to respond to defendant's summary judgment motion was stayed pending determination of the motion for counsel. Dkt. No. 86.

person or persons who handled certain mail sent to plaintiff in June, 1994. It is unclear whether these delays are attributable to counsel or individuals at the Department of Correctional Services. Either way, this Court disfavors these maneuvers as gamesmanship that will not be allowed.

Based upon the information submitted in support of the pending motion for summary judgment, it now appears that despite the best efforts of plaintiff, the Court and the U.S. Marshals Service, the proper defendant has not yet been identified and made a party to this action. At this juncture, we have learned only that Ronald Provost and Keith Provost both deny signing the return receipt for plaintiff's mail, and that neither of these individuals appear to have been assigned to the law library at Clinton during the relevant period. Moreover, while it reasonably appears that the signatory on return receipt was a "K. Provost," we do not know the first name of this individual or whether that person was the same "Provost" assigned to the law library; nor do we know whether he or she is still employed at Clinton Correctional Facility or by the Department of Correctional Services. Neither plaintiff, the Court, nor the taxpaying public should have to endure any further expenditure of resources or delay in identifying and serving the defendant.

Assuming, *arguendo*, that Keith Provost is not the "K. Provost" who signed the return mail receipt, that he had no personal involvement in this matter and is not a

proper party to this action, the Court nevertheless recommends that summary judgment be *denied* **at this time, without prejudice**. As recognized by the Second Circuit in its previous consideration of this issue, this action must remain pending against the current defendant in order to afford plaintiff full and complete discovery regarding the identity and whereabouts of the intended defendant.

In addition, the Court has considered the factors relevant to the appointment of counsel for a *pro se* litigant and finds that the appointment of counsel is warranted for the limited purpose of **conducting this additional discovery and ensuring proper service on the appropriate defendant**. See *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986); *Hendricks v. Coughlin*, 114 F.3d 390 (2d Cir. 1997). Therefore, the law firm of Mackenzie Hughes LLP is appointed *pro bono* counsel for this limited purpose. On or before December 15, 2005, counsel shall file a status report advising the Court of the results of its discovery efforts and the status of this action.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that defendant's motion for summary judgment (Dkt. No. 82) be **DENIED WITHOUT PREJUDICE**, and it is hereby

**ORDERED**, that plaintiff's motion for the appointment of counsel (Dkt. No. 85) is **GRANTED** for the limited purpose stated above. The law firm of Mackenzie Hughes LLP is appointed to provide plaintiff with *pro bono* counsel for this matter as

7

outlined above, and it is further

**ORDERED**, that the law firm of Mackenzie Hughes LLP promptly check for any possible conflicts of interest and inform the Court within seven (7) days of the date of this Order whether the firm may take this appointment, and it is further

**ORDERED**, that if no conflict exists, an attorney from the law firm of Mackenzie Hughes LLP be assigned to assist plaintiff as outlined above, and that plaintiff be informed of the named and telephone number of counsel, and it is further

**ORDERED**, that the law firm of Mackenzie Hughes LLP may seek reimbursement for expenses and/or disbursements necessarily incurred in this regard in accordance with Rule 83.3(g) of the Local Rules of Practice of the Northern District, and it is further

**ORDERED**, that on or before **December 15, 2005**, counsel file a status report advising the Court of the results of its discovery efforts and the status of this action, and it is

**ORDERED**, that the Clerk serve a copy of this Order on the parties and on the law firm of Mackenzie Hughes LLP, 101 South Salina Street, Syracuse, New York by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the

Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: October 24, 2005

                                            Hon. Gustave J. DiBianco
                                            U.S. Magistrate Judge