**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**NATHANIEL JACKSON,**

      **Plaintiff,**

    **v.**          **9:96-CV-1864
                 (GLS/GJD)**

**K. PROVOST,**

      **Defendant.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**FOR THE PLAINTIFF:**

NATHANIEL JACKSON
*Pro Se*
86-A-4227
Great Meadow Correctional Facility
P.O. Box 51
Comstock, NY 12821

**FOR THE DEFENDANT:**

HON. ANDREW M. CUOMO    ADELE M. TAYLOR-SCOTT
New York State Attorney General  Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
U.S. District Judge**

## **DECISION AND ORDER**

### **I. Introduction**

Pending is *pro se* plaintiff Nathaniel Jackson's "objection" to the court's June 11, 2008 decision, which granted defendants summary judgment and dismissed Jackson's action in its entirety. The court has interpreted Jackson's current motion to be one for reconsideration under Local Rule 7.1(g) and FED. R. CIV. P. 60. For the reasons that follow the motion is denied.

### **II. Background**

Jackson initially filed this § 1983 action in 1996, alleging that someone had violated his constitutional rights by damaging or destroying legal materials which had been sent to him while he was incarcerated at Clinton Correctional Facility. (See Dkt. Nos. 1, 56.) For eleven years the case languished on the docket through multiple motions and vaguely named defendants, as Jackson attempted to locate a proper defendant. Ultimately, Keith Provost and Kevin Provost were left as the remaining defendants. On January 31, 2008, both Provosts moved for summary judgment. (See Dkt. No. 109.) At Jackson's request, he was granted until April 28, 2008 to respond to the motion. (See Dkt. No. 112.) Instead of

responding, however, Jackson merely filed a motion for appointment of counsel. (See Dkt. No. 113.)

On June 11, 2008, this court denied the motion for appointment of counsel, granted both Provosts summary judgment and dismissed Jackson's case in its entirety. (See Dkt. Nos. 114, 115.) Keith Provost was dismissed on grounds that he was not employed at Clinton Correctional Facility when the events at issue took place, and thus took no part in damaging Jackson's legal materials. (See Dkt. No. 114 at 10-11.) Kevin Provost was dismissed because there was no evidence that he was personally involved in the alleged violation. *Id.* at 11-15. The court further noted dismissal was appropriate because Jackson had not shown an actual injury and because the statute of limitations had run on his claims. *Id.* at 16-22, 25-28.

On July 18, 2008 Jackson filed the current motion for reconsideration. (See Dkt. No. 116.) He again requests counsel be appointed to represent him for the same reasons enumerated in his prior motion. *Id.* at 1-5. Jackson further contends the court's grant of summary judgment for the defendants was improper, as he was afforded insufficient time to respond to their motion. *Id.* at 5-6.

3

### III. **Discussion**

Northern District of New York Local Rule 7.1(g) provides that "[m]otions for reconsideration or reargument, unless Fed. R. Civ. P. 60 otherwise governs, may be filed and served no later than **TEN CALENDAR DAYS** after the entry of the challenged judgment, order, or decree." N.D.N.Y. R. 7.1(g). Here, the court issued the order to which Jackson objects on June 11, 2008. As such, Jackson's motion for reconsideration - filed on July 18, 2008 - is clearly time barred.

Even if the court overlooked the untimeliness of Jackson's motion, it nevertheless must fail. "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). This district "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Id.* at 3 (citation omitted). Here, Jackson's motion fails to satisfy any of these grounds, as it merely parrots his prior arguments for appointment of counsel. The court rejects these recycled arguments out of hand, noting

4

only that a motion for reconsideration is not an opportunity for "a second bite at the apple." *Sequa Corp. V. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Additionally, Jackson's contention that he was not afforded sufficient time to respond to the defendants' motion for summary judgment is without merit. Upon request, Chief Magistrate Judge Gustave DiBianco graciously granted Jackson a lengthy extension to file a response to the defendants' motion. That Jackson deemed it fitting to use that time to file a motion for the appointment of counsel instead is not grounds for reconsideration.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Jackson's motion for reconsideration is DENIED; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: November 14, 2008

Gary L. Sharpe
U.S. District Judge